**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BYRON EUGENE JOHNSON, | No. 11-16697 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-02123-KJM-EFB |
| v. | |
| DAVID L. RUNNELS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

California state prisoner Byron Eugene Johnson appeals pro se from the

district court's judgment following a jury verdict in his 42 U.S.C. § 1983 action

alleging that prison officials violated his constitutional rights.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010) (dismissal for failure to exhaust); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A for failure to state a claim). We affirm.

The district court properly granted summary judgment on Johnson's Eighth Amendment claim against defendant Baillie because Johnson failed to raise a genuine dispute of material fact as to whether Baillie caused the alleged constitutional deprivation. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) ("The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.").

The district court properly dismissed Johnson's claims against defendants Wagner and Jackson because Johnson failed to exhaust his administrative remedies as to the claims against these defendants. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (requiring proper and timely exhaustion of prisoner claims).

2                                                                                              11-16697

The district court properly dismissed Johnson's claims against defendant Runnels and other supervisory defendants because Johnson failed to allege that any of these defendants personally participated in any alleged constitutional violations. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisors are liable for constitutional violations of subordinates if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them").

The district court did not abuse its discretion in denying Johnson's motions for appointment of counsel because Johnson failed to establish exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (providing standard of review and requirements for appointment of counsel).

Johnson's discovery and evidentiary contentions, as well as his contentions regarding alleged attorney misconduct, are rejected.

To the extent that Johnson seeks to appeal the district court's order denying his motion for a new trial, we lack jurisdiction to review that order. *See* Fed. R. App. P. 4(a)(4)(B)(ii). This court instructed Johnson in its July 14, 2011 order that if he wished to challenge the district court's ruling on his then pending motion, he must file an amended notice of appeal within thirty days from entry of the district court's ruling, but he failed to do so.

**AFFIRMED.**

11-16697